**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ASHLEY W.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. EA-25-902** |
| **FRANK J. BISIGNANO,** | * | |
|   **Commissioner of Social Security,** | * | |
| **Defendant.** | * | |
| | * | |

**MEMORANDUM ORDER**

On March 19, 2025, Plaintiff Ashley W. petitioned this Court to review the final decision of the Social Security Administration denying her claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*[1]  ECF No. 1.  On March 2, 2026, the undersigned affirmed the final decision denying Plaintiff's application for benefits.  ECF Nos. 17–18; *Ashley W.* v. *Bisignano*, Civil Action No. EA-25-902, 2026 WL 570436, at *1 (D. Md. Mar. 2, 2026).  On March 16, 2026, Plaintiff moved for reconsideration pursuant to Local Rule 105.10 (Dec. 1, 2025).  ECF No. 19.  The motion is fully briefed, and no hearing is necessary.[2]  ECF No. 20; Local Rule 105.6.

A Local Rule 105.10 motion for reconsideration is construed as a Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment.  *Jarvis* v. *Berryhill*, Civil Action No. TMD-15-2226, 2017 WL 467736 at *1 (D. Md. Feb 3, 2017).  A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments[,] or present evidence that could

---

[1]  This case was referred to a United States Magistrate Judge with the parties' consent, 28 U.S.C. § 636; Local Rule 301.4 (D. Md. Dec. 1, 2025), and was reassigned to the undersigned on January 8, 2026.

[2]  Plaintiff elected not to file a reply and time for doing so has expired.  Local Rule 105.2(a).

have been raised prior to the entry of judgment." *Kimberly B.* v. *Kijakazi*, Civil Action No. TJS-20-2877, 2022 WL 748097, at *1 (D. Md. Mar. 11, 2022) (quotation marks and citation omitted). The Court may alter or amend a final judgment pursuant to Rule 59(e) only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Krista M.* v. *Kijakazi*, Civil Action No. MJM-21-2474, 2023 WL 9173074, at *1 (D. Md. Dec. 7, 2023) (citing *United States ex rel. Becker* v. *Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to" relitigate issues the Court has already considered. *Crocetti* v. *Comm'r, Soc. Sec. Admin.*, Civil Action No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018).  Thus, as to "clear error," there must be more than simply a 'mere disagreement' with a decision to support a Rule 59(e) motion." *Williams* v. *Fontanez*, Civil Action No. GLR-22-1882, 2023 WL 8174323, at *1 (D. Md. June 5, 2023) (quoting *Hutchinson* v. *Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)). This is because a "'factually supported and legally justified' decision does not constitute clear error." *Jarvis*, 2017 WL 467736, at *1 (quoting *Hutchinson*, 994 F.2d at 1081-1082).  Further, "clear error" will not be found when the prior decision is "just maybe or probably wrong"; it must be "dead wrong." *TFWS, Inc.* v. *Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quotation marks and citation omitted).  "As to the 'manifest injustice' standard, courts focus on whether there was fairness in the administrative process or a denial of due process." *Williams*, 2023 WL 8174323, at *1 (citations omitted).  Ultimately, reconsideration of a final judgment is an "extraordinary remedy that should be used sparingly." *Jarvis*, 2017 WL 467736, at *2.

In support of her motion, Plaintiff does not identify a change in controlling law, new evidence, a clear error of law, or the potential for manifest injustice. *See generally* ECF No. 19. Instead, she contends that the March 2, 2026 Memorandum Opinion did not adequately address

her argument regarding the sufficiency of the Administrative Law Judge's (ALJ) residual functional capacity determination with respect to Plaintiff's moderate concentration, persistence, and pace limitation.[3]  *Id.* at 1–2.[4]  This is not an appropriate basis for reconsideration because it merely reiterates arguments that were considered and rejected previously.  *Ashley W.*, 2026 WL 570436, at *4-5.  The closest approximation to a clear error argument is Plaintiff's assertion that the undersigned's discussion of medical evidence constitutes impermissible "*post hoc* judicial rationalization."  ECF No. 19 at 4.  This argument fails.  In evaluating whether the ALJ's decision was supported by substantial evidence, reviewing the medical evidence that the ALJ considered is precisely the Court's task.  *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations.") (citation omitted); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Here, the undersigned pointed to January 25, 2022 and January 8, 2023 state-agency disability evaluations, which explained that Plaintiff retained the ability to complete simple tasks, but would have some limitation in sustaining concentration and pace over extended periods of time on detailed tasks. *Ashley W.*, 2026 WL 570436, at *4-5 (citing ECF No. 8-4 at 7, 16).  The ALJ explicitly identified and analyzed both of these disability evaluations, found them "more persuasive," and concluded that they supported a finding that "the claimant had no more than moderate limitations and was able to meet the basic mental demands of competitive work on a sustained basis (Exhibit

---

[3]  The Court's prior Memorandum Opinion contains a more fulsome explanation of the terms "residual functional capacity" and "concentration, persistence, and pace limitation."  ECF No. 17; *Ashley W.* v. *Bisignano*, Civil Action No. EA-25-902, 2026 WL 570436, at *2-4 (D. Md. March 2, 2026).

[4]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

2A; 4A)." ECF No. 8-3 at 30; *see also* ECF No. 8-4 at 7 (January 25, 2022 state-agency evaluation identified by the ALJ as Exhibit 2A), 16 (January 8, 2023 state-agency evaluation identified by the ALJ as Exhibit 4A). The undersigned found the ALJ's decision to be supported by substantial evidence, including the aforementioned state-agency disability evaluations. *Ashley W.*, 2026 WL 570436, at *5. Plaintiff's arguments to the contrary constitute "mere disagreement" with the Court's ruling and are therefore insufficient to support Rule 59(e) relief. *Williams*, 2023 WL 8174323, at *1; *see also Crocetti*, 2018 WL 3973074, at *1 (denying reconsideration where the plaintiff "simply disagree[d] with [the Court's] analysis of the plaintiff's argument).

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion (ECF No. 19) is DENIED.

IT IS SO ORDERED.


Date:  May 18, 2026                                   /s/
                                          Erin Aslan
                                          United States Magistrate Judge